SCHWARTZ, Senior Judge,
(dissenting).
Section 329.51, Florida Statutes,[1] clearly provides that a lien for repairs on an aircraft such as the one in this case is perfected simply by recording a claim of lien within ninety days of the services rendered, as the appellant did in this case. The majority holding that following that provision did not have the effect specifically provided by the legislature is in conflict with just about every canon of legislative interpretation there is, including: that statutory words must be accorded their plain meaning; that every statute must be deemed to have some meaning and accomplish something (here, the court’s ruling renders the filing of the lien of no effect whatever); that a statute dealing with a specific subject, such as aircraft, must be deemed to control over a general one such as section 713.58, which applies to all personal property, and no doubt other general rules which no one has thought it necessary to devise — until now.
I would reverse.

. Section 329.51, Florida Statutes (2009), provides:
Any lien claimed on an aircraft under s. 329.41 or s. 713.58 is enforceable when the lienor records a verified lien notice with the clerk of the circuit court in the county where the aircraft was located at the time the labor, services, fuel, or material was last furnished. The lienor must record such lien notice within 90 days after the lime the labor, services, fuel, or material was last furnished. The notice must state the name of the lienor; the name of the owner; a description of the aircraft upon which the lienor has expended labor, services, fuel, or material; the amount for which the lien is claimed; and the date the expenditure was completed. This section does not affect the priority of competing interests in any aircraft or the lienor's obligation to record the lien under s. 329.01.